(133 So. 700)

**LACEY v. HARRIS et al.**

**6 Div. 833.**

Supreme Court of Alabama.

March 19, 1931.

Rehearing Denied April 23, 1931.

GARDNER, J.

Plaintiff sued R. H. Harris, a partnership, and R. H. Harris and S. J. Downey, as the individuals composing said firm, for rent of a building leased by plaintiff under written contract signed by R. H. Harris only. The defendant Harris interposed no defense, but testified in plaintiff's behalf.

Answering defendant Downey's verified plea that there was no such partnership as alleged, plaintiff filed special replications to the effect that, at the time of the execution of the lease by Harris, Downey represented to him that he was a member of the firm, and responsible for its liabilities, and merely objected to signing the lease for fear it may injuriously affect his business relations with others. These replications set up an estoppel on defendant's part to say he was not a

652

member of the firm by reason of such declarations and representations made directly to plaintiff.

There appears no insistence either in the pleading or proof that plaintiff relied upon any holding out by Downey to the public as to such partnership, but the theory of plaintiff's case rested, first, upon the insistence that in fact Downey was a member of the partnership, and, second, that he was estopped to deny such membership by reason of representations made to plaintiff at the time of the execution of the lease.

Upon the issues thus formed, the evidence was in sharp conflict, and the judgment appealed from was the third trial of the cause; two mistrials having intervened.

We are persuaded, however, that, in view of the pleading and proof, as above indicated, the giving of charge 28 for defendant (assignment number 12) constitutes error to reverse. As previously noted, there was no proof that Downey held himself out to the public or that plaintiff relied upon any such holding out, but by his pleading and proof plaintiff relied upon representations made to him in person when the lease was executed. This charge lays stress upon defendant Downey holding himself out to the public as a member of the firm, omitting entirely any reference to his declarations and representations made to plaintiff as set out in the replications. It therefore ignores one of the most material issues in the case. Louisville & N. R. R. Co. v. Christian, etc., Brewing Co., 150 Ala. 390, 43 So. 723. We are therefore constrained to hold the giving of charge 28 was reversible error.

There is involved in this case a sharp conflict of evidence but no difficult question of law, requiring separate treatment of other assignments of error in view of another trial of the cause.

For the error indicated, let the judgment be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.